PATRICK   KALLHER,   Respondent,   v.   PARKER-WASHINGTON COMPANY, Appellant.

Kansas City Court of Appeals, May 1, 1911.

1. MASTER AND SERVANT: Negligence of Foreman: Unloading Rock. Plaintiff, a laborer, was thrown from defendant's wagon while he was unloading a large rock therefrom. The negligence relied upon was the act of defendant's foreman in directing the driver to go forward at the instant when plaintiff had the rock in his hands. Plaintiff was as close to the foreman as the driver was, and his hearing was good, but he denied having heard the foreman give the order for the wagon to be moved up. *Held*, that the manner of doing the work of unloading was reasonably safe, that the foreman adopted the most natural and safe way of directing the movement of the wagon, and hence, although plaintiff did not hear the order, his injury was not due to the negligence of the foreman.

2. ———: ———: ———. Where plaintiff seeks to recover upon the ground that, when the order was given to move the wagon, plaintiff had a large rock in his hands, and thereby was unable to protect himself at once, his argument has no force whatever, if, according to his own testimony he was in the act of pitching off the rock when the wagon moved, for he had more time at his command to let the rock go after the order was given to move than the driver had to accomplish the movement.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback*, Judge.

REVERSED.

*Ball & Ryland* for appellant.

(1) There is no negligence shown on the part of the foreman and no evidence whatever from which the jury would be permitted to infer negligence. (2) As bearing on the question of whether the foreman was negligent or not the evidence was admissible and wrongly excluded by the court showing that the conduct of the business in its usual way had not been attended with any accident or injury. (3) Instruction No. 1 given at plaintiff's request is erroneous, because it does not undertake to tell the jury what the foreman's duty was, but tells them simply in general terms that if plaintiff was engaged in the act of throwing off rock at the time the order for the team to move was given, and that if the foreman carelessly and negligently gave that order the defendant would be liable. Such an instruction is entirely erroneous and leaves the law of the case to the whim of the jury. Wendell v. Railroad, 100 Mo. App. 556. (4) On any view of the evidence the defendant is not liable as a matter of law.

*Boyle & Howell* for respondent.

(1) The court did not err in refusing defendant's request at the conclusion of plaintiff's testimony, to instruct the jury that under the pleadings and evidence, the verdict should be for defendant. Defendant's foreman had charge of the men and the work. It was the duty of the driver to obey his order. If the order was negligently made the plaintiff is entitled to recover. Miller v. Raiload, 109 Mo. 350; Sambos v. Railroad, 134 Mo. App. 460; Smith v. Am. Car. & Foundry Co., 122 Mo. App. 610; Gormly v. Iron Works, 61 Mo. 492. (2) Instruction number 1, objected to by appellant, is not subject to the objection made. It requires the jury to find "that said Hilton Wilson was the foreman or boss of defendant in charge of the work."

BROADDUS, P. J.—This was an action to recover damages alleged to have been caused by defendant's negligence. Plaintiff was a laborer, about sixty years of age at the times herein mentioned. On October 1, 1908, he was working for the company at forty-sixth and Tracy avenue in Kansas City, Missouri. The company was engaged in macadamizing the street. A team of horses were hitched to the wagon and when it was driven near to the point where respondent was workng, he was ordered by the foreman Wilson, to get on and help unload the rock.

We quote from plaintiff's statement of the occurrence: "And we had a portion of the rock moved and I had a rock between my hands . . . in the action of throwing it off, when the team moved and I had no protection to save myself, and I was thrown off, I fell off down on the hard street on the back of my head. The back of my head struck the ground first and knocked me senseless." He had only been working for the company four days breaking rock, and this was the first time that he attempted to unload; that the company had been unloading wagons right along while he was there; that part of a load would be unloaded at one place, then the wagon would be moved and unloaded in another place; that he was at the "hind end" of the wagon at the time and that the driver whose name was Gibson, was at the front end; and that the driver was also helping to throw off the rock.

Gibson testified that he was driving the team; that the company's foreman Wilson told him where to stop and unload, and told plaintiff to get in the wagon and help to unload; that when they had unloaded a part of the rock Wilson told him to drive up a little further; and that he took the lines to drive up and when he looked around he saw plaintiff falling. At the time Wilson told the driver to drive up he was about eighteen feet from the driver and somewhat near to plaintiff.

The plaintiff's hearing was good but he denies having heard the foreman give the order for the wagon to be moved up. Defendant asked Wilson: "Now, did you apprehend any danger to Kallher when you told Gibson to drive the wagon up?" Plaintiff objected to the question. The objection was sustained. "Q. Was there anything about Kallher's position that made you think he would be thrown out of the wagon?" This question was also ruled out on objection of plaintiff. The court also sustained an objection to the following question. "Mr. Wilson, on any other of the occasions when you directed the movement of the wagon was there any accident, was there anybody thrown out?"

At the close of plaintiff's testimony the company asked an instruction in the nature of a demurrer which the court refused. We think the court was justified in excluding the questions in question. The first two merely called for an expression of the opinion of the witness. The third wherein the witness was asked if on any "other occasions when he directed the movement of the wagon was there any accident, was there anybody thrown out," we think was also properly excluded. Whether anything similar had happened at any other time would have thrown no light on the issue. The manner of doing the work was reasonably safe, and there could have been no mishap from the method pursued in unloading the rock unless by accident or the negligence of some one. If the company's foreman was guilty of negligence it was his act in directing the movement of the wagon at the time after a part of the rock had been unloaded. This was the usual manner in which the work was done. And he adopted about the most natural and safe way of directing the movement of the wagon that we can conceive of, unless he had gone to the plaintiff and said to him, I am about to direct the driver to move the wagon further on, take care and do not fall off. And a person of ordinary discretion would have understood the order to the driver to move up, a

sufficient warning for him to look out for his safety. The plaintiff says he did not hear the order of the foreman to the driver to move up further. His hearing was good and he was as close to the foreman as the driver was, who heard and obeyed the order, and if he did not hear it was his misfortune and not the fault of the foreman.

But we understand that plaintiff seeks to recover upon the ground that when the order was given to move the wagon plaintiff had a large rock in his hand, and thereby was unable to protect himself at once. This argument has no force whatever for according to his own testimony he was in the act of pitching off the rock when the wagon moved. He had more time at his command to let the rock go after the order was given to move than the driver had to accomplish the movement, for the latter would have to get hold and gather the lines before he made the start.

The case of Miller v. Ry. Co., 109 Mo. 350, and similar cases are cited to support plaintiff's theory, but it is easy to see they have no application. The case is too plain for comment. Reversed. All concur.